Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ANTONIO SANTIAGO, individually and on behalf of all others similarly situated,

                                  Plaintiff,

-against-

JS DISCOUNT CITY CORP., JS 99 AND UP CORP., and XIAOMENG QU, as an individual,

                                 Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **ANTONIO SANTIAGO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **ANTONIO SANTIAGO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **JS DISCOUNT CITY CORP., JS 99 AND UP CORP., and XIAOMENG QU, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at the following locations: JS DISCOUNT CITY CORP., 271 1st Avenue, New York, New York 10010 and JS 99 AND UP CORP., 365 1st Avenue, New York, New York 10010.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ANTONIO SANTIAGO residing at 1071 39th Street, Brooklyn, New York 11219, was employed from in or around March 2018 until in or around November 2018 by Defendants at JS DISCOUNT CITY CORP., 271 1st Avenue, New York, New York 10010 and JS 99 AND UP CORP., 365 1st Avenue, New York, New York 10010.
9. Upon information and belief, Defendant, JS DISCOUNT CITY CORP. is a corporation organized under the laws of New York with a principal executive office at 271 1st Avenue, New York, New York 10010.
10. Upon information and belief, Defendant, JS DISCOUNT CITY CORP. is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, owns and/or operates JS DISCOUNT CITY CORP.
12. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is the Chairman of the Board of JS DISCOUNT CITY CORP.
13. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is the Chief Executive Officer of JS DISCOUNT CITY CORP.

14. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is an agent of JS DISCOUNT CITY CORP.
15. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, has power over personnel decisions at JS DISCOUNT CITY CORP.
16. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, has power over payroll decisions at JS DISCOUNT CITY CORP.
17. Defendant XIAOMENG QU, known as "Denny" to employees, has the power to hire and fire employees at JS DISCOUNT CITY CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
18. Upon information and belief, Defendant, JS 99 AND UP CORP. is a corporation organized under the laws of New York with a principal executive office at 365 1st Avenue, New York, New York 10010.
19. Upon information and belief, Defendant, JS 99 AND UP CORP. is a corporation authorized to do business under the laws of New York.
20. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, owns and/or operates JS 99 AND UP CORP.
21. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is the Chairman of the Board of JS 99 AND UP CORP.
22. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is the Chief Executive Officer of JS 99 AND UP CORP.
23. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, is an agent of JS 99 AND UP CORP.
24. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, has power over personnel decisions at JS 99 AND UP CORP.
25. Upon information and belief, Defendant XIAOMENG QU, known as "Denny" to employees, has power over payroll decisions at JS 99 AND UP CORP.
26. Defendant XIAOMENG QU, known as "Denny" to employees, has the power to hire and fire employees at JS 99 AND UP CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
27. During all relevant times herein, Defendant XIAOMENG QU, known as "Denny" to employees, was Plaintiff's employer within the meaning of the FLSA and NYLL.

28. On information and belief, JS DISCOUNT CITY CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

29. On information and belief, JS 99 AND UP CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

30. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

31. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

32. Upon information and belief, Defendants JS DISCOUNT CITY CORP. and JS 99 AND UP CORP. shared common management, as both are operated by individual Defendant XIAOMENG QU.

33. Upon information and belief, Defendants JS DISCOUNT CITY CORP. and JS 99 AND UP CORP. shared common ownership, as both are owned by individual Defendant XIAOMENG QU.

34. Upon information and belief, Defendants JS DISCOUNT CITY CORP. and JS 99 AND UP CORP. shared the same pay practices to pay employees.

35. Upon information and belief, Defendants JS DISCOUNT CITY CORP. and JS 99 AND UP CORP. shared employees who would work for both locations.

36. Upon information and belief, Defendants JS DISCOUNT CITY CORP. and JS 99 AND UP CORP. functioned as a single integrated enterprise.

## FACTUAL ALLEGATIONS

37. Plaintiff ANTONIO SANTIAGO residing at 1071 39th Street, Brooklyn, New York 11219, was employed from in or around March 2018 until in or around November 2018 by Defendants at JS DISCOUNT CITY CORP., 271 1st Avenue, New York, New York 10010 and JS 99 AND UP CORP., 365 1st Avenue, New York, New York 10010.

38. During Plaintiff ANTONIO SANTIAGO's employment by Defendants at the above locations, Plaintiff's primary duties were as a stocker and helper, and performing other miscellaneous duties from in or around March 2018 until in or around November 2018.

39. Plaintiff ANTONIO SANTIAGO was paid by Defendants approximately $660.00 per week from in or around March 2018 until in or around November 2018.

40. Although Plaintiff ANTONIO SANTIAGO worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2018 until in or around November 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

42. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

43. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

45. Collective Class: All persons who are or have been employed by the Defendants at JS DISCOUNT CITY CORP., 271 1st Avenue, New York, New York 10010 and JS 99 AND UP CORP., 365 1st Avenue, New York, New York 10010 as stockers and helpers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

46. Upon information and belief, Defendants employed between 10 and 15 employees within the past three years subjected to similar payment structures.

47. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

53. The claims of Plaintiff are typical of the claims of the putative class.

54. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
57. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
58. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
60. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
62. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
65. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
68. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).
69. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
71. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
72. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 31 day of January 2019.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO SANTIAGO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

JS DISCOUNT CITY CORP., JS 99 AND UP CORP., and XIAOMENG QU, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**JS DISCOUNT CITY CORP.
271 1ST AVENUE
NEW YORK, NEW YORK 10010**

**JS 99 AND UP CORP.
365 1ST AVENUE
NEW YORK, NEW YORK 11010**

**XIAOMENG QU
271 1ST AVENUE
NEW YORK, NEW YORK 10010**

**365 1ST AVENUE
NEW YORK, NEW YORK 11010**