

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

May 23, 2019

**Via ECF**
The Honorable Magistrate Judge Analisa Torres
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Martinez v. 276-8 Pizza Corp., et al.**
   **19-CV-1112 (AT)**

Dear Judge Torres:

   We represent the Plaintiff in the above-referenced matter and we submit this letter motion jointly with Defendants to request the Court's approval of the Settlement Agreement attached hereto as Exhibit A.

   In accordance with Your Honor's April 24, 2019 Order, the parties provide the following information in support of their request for approval of the Settlement Agreement:

**1. The Plaintiff's Range of Possible Recovery**

   Plaintiff Antonio Santiago ("Plaintiff") alleged that he was employed by Defendants for approximately eight months. During his employment, Plaintiff alleged that he regularly worked approximately 63 hours per week, but was compensated on a flat weekly basis and as such, was not paid proper overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff also alleged that he did not receive proper wage statements and notices pursuant to the NYLL.

   According to those calculations, Plaintiff was owed approximately $19,718.82 in unpaid wages, approximately $19,718.82 in liquidated damages and approximately $10,000.00 in statutory penalties. If Plaintiff were 100% successful on all of his claims, including establishing Defendants' violations were willful under the Fair Labor Standards Act ("FLSA"), Plaintiff could have recovered up to $49,437.64. If Plaintiff were unsuccessful on all of his claims, he could have recovered nothing.

As such, Plaintiff's range of possible recovery was $0 to $49,437.64. The parties reached a settlement in this matter for $12,000.00, which the parties believe is fair and reasonable in light of the information provided below.

## 2. The Extent to which "the Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses in Establishing Their Respective Claims and Defenses"

The parties were able to achieve a settlement rather early in the litigation process. Had the parties not have reached a settlement at this time, both parties would incur significant costs conducting outstanding discovery and motion practice. Both parties would have needed to provide formal responses to the other side's discovery demands and conduct depositions. Settlement will enable the parties to avoid the additional time and costs of the outstanding discovery as well as avoid the exorbitant costs of trial.

## 3. The Seriousness of the Litigation Risks Faced by the Parties

Both parties faced serious litigation risks should this case have proceeded to trial. Plaintiff could have failed to establish his claims as to the amount of hours he had alleged to have worked and as to the amount of money he had alleged to have received. Plaintiff could have lost at trial and would not have received the $12,000.00 that he will receive pursuant to the Settlement Agreement.

Moreover, Defendants produced financial documents and tax returns that raised concerns about Defendants' ability to pay and whether jurisdiction was appropriate in this Court. If the parties did not reach a settlement, Defendants intended to file a motion to dismiss for lack of jurisdiction and Plaintiff's claims in this matter could have been dismissed. Even if Plaintiff's claims were not dismissed and Plaintiff were successful at trial, the documentation produced by Defendants raised concerns as to whether Plaintiff would be able to collect on a judgment against Defendants.

If Plaintiff were 100% successful on all of his claims at trial, Defendants faced exposure of not just the unpaid wages and liquidated damages owed to Plaintiff but also having to pay Plaintiff's counsel's reasonable attorneys fees and expenses associated with litigating this matter.

## 4. Whether "the Settlement Agreement is the Product of Arm's-length Bargaining Between Experienced Counsel"

The parties began discussing settlement in this matter in or around March 2019. In April 2019, the parties were able to reach a settlement through the assistance of an experienced FLSA mediator appointed by the SDNY Mediation Program. The parties mediated this matter for approximately three hours before a settlement was reached.

Plaintiff's counsel specializes in labor and employment law and has represented individuals in FLSA and NYLL matters for approximately ten years. Plaintiff's counsel

handles approximately 80 to 100 FLSA and NYLL cases per year. Plaintiff's counsel has settled hundreds of FLSA and NYLL in the Second Circuit.

### 5. The Possibility of Fraud or Collusion

In short, there is no possibility of fraud or collusion in this matter. Both parties were represented by experienced counsel and enter into the Settlement Agreement on their own free will and accord. There are no terms agreed upon by the parties outside of the Settlement Agreement.

### Plaintiff's Counsel's Attorneys' Fees and Expenses

Lastly, Your Honor has asked for Plaintiff's counsel's contemporaneous billing records in this matter. Please see Plaintiff's counsel's contemporaneous billing records and explanation of Plaintiff's counsel's qualifications are attached hereto as Exhibit B.

The parties reached a settlement of all claims asserted in this matter for $12,000.00. Plaintiff's counsel is respectfully requesting an award of attorneys' fees in the amount of $3,737.00, which is one-third of the settlement amount minus the expenses incurred in this matter. Plaintiff's counsel is also respectfully requesting to be reimbursed for $787.00 in expenses, which includes the Southern District of New York filing fee ($400.00), serving the Summons and Complaint on the Defendants through Plaintiff's process server, Anke Judicial Services, Inc. ($380.00), and postage and mailing fees ($7.00).

The basis for this request for attorneys' fees and expenses is the retainer agreement that has been reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for her consideration on this matter.

Respectfully submitted,

Roman Avshalumov, Esq.