USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/25/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO SANTIAGO, individually and on behalf of all others similarly situated,

    Plaintiff,

-against-

JS DISCOUNT CITY CORP., JS 99 AND UP CORP., and XIAOMENG QU, as an individual,

    Defendants.

19 Civ. 1112 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 5, 2019, Plaintiff, a restaurant employee, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Compl., ECF No. 1. On May 23, 2019, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement (the "Settlement"). Letter, ECF No. 18. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I. Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.  Analysis

The Settlement provides for Defendants to pay a total of $12,000, with Plaintiff to receive $7,476, and Plaintiff's counsel to receive approximately one-third of the settlement in attorneys' fees, $3747, and $787 in costs. Settlement Agreement and Release ("Settlement") § 1(a), ECF No. 18-1, Letter at 3. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $49,437.64. Letter at 1. The parties also assert that they were able to reach a settlement early in the litigation process because they both faced "serious litigation risks" and settlement allowed them to "avoid the additional time and costs of the outstanding discovery as well as avoid the exorbitant costs of trial." *Id.* at 3. Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* at 2–3. Moreover, the settlement was reached with the assistance of a FLSA mediator appointed by the SDNY Mediation Program. *Id.* at 2. The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendants from "all or any manner of actions, causes and causes of actions, claims and demands whatsoever . . . which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulation concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff ever had or now has arising out of Plaintiff's employment by Defendants." Settlement § 2. The Settlement does not contain any confidentiality provision. Nor does it contain any provisions that restrict Plaintiff's future employment opportunities. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $3,737 in fees, reflecting slightly less than one-third of the total value of the Settlement, and $787 in costs. Letter at 3; Settlement § 1. As for costs, Plaintiff's counsel may be reimbursed for the "costs of this action." 29 U.S.C. § 216(b); *see also Collado v. Donnycarney Rest. LLC*, No. 14 Civ. 3899, 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (awarding reasonable costs separately from attorney's fees).

The Court also finds that the requested attorney's fees are reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdman Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The award of attorney's fees here represents slightly less than one-third of the settlement amount. Letter at 3.

Courts use the lodestar method as a benchmark to further assess the reasonableness of attorney's fees, multiplying the hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Plaintiff's counsel's lodestar calculation is $7,072.50 in attorney's fees for work done by Helen F. Dalton and Associates, P.C. on Plaintiff's FLSA claim. Billing Records, ECF No. 18-2. Lead counsel, Roman Avshalumov, billed 14.5 hours at a rate of $375 per hour. *Id.* at 2. Avshalumov is a senior managing attorney at the firm and has overseen all the labor and employment litigation at the firm for the past nine years. *Id.* His requested rate is reasonable. *See Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience."). James O'Donnell billed 4.8 hours at a rate of $200 per hour. Billing Records at 2. O'Donnell has been practicing law for five years, and working on employment matters at the firm for three years. *Id.* A paralegal at the firm billed 9 hours at a rate of $75.00 per hour. Both rates are reasonable. *See e.g.*, *Murphy v. Lajaunie*, No. 13 Civ. 6503, 2018 WL 7968908, at *11–12 (S.D.N.Y. Feb. 2, 2018) (finding hourly rate of $300 reasonable for associate with four years of employment litigation experience and hourly rate of $125 reasonable for paralegal). Given that the lodestar amount exceeds the fee request, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza*, 2015 WL 9161791, at *2, the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Court will retain jurisdiction to enforce the terms of the settlement. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 25, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge